UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Veronica Simpson,<br><br>    Plaintiff,<br>v.<br><br>MetLife, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, Veronica Simpson, says by way of Complaint against Defendant, MetLife, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

3. The Plaintiff, Veronica Simpson ("Plaintiff"), is an adult individual residing in Newark, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant MetLife, Inc. ("MetLife"), is a New York business entity with an address of 200 Park Avenue, New York, New York 10166, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual collectors employed by MetLife and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. MetLife at all times acted by and through one or more of the Agents.

## FACTS

7. In October 2014, MetLife began calling Plaintiff in an attempt to solicit to Plaintiff its services.

8. The calls were placed to Plaintiff's cellular phone, number 973-xxx-0069.

9. The calls were placed from telephone number 212-897-9789.

10. When Plaintiff answered the phone, she was met with a period of silence followed by an automated click at which point the call was transferred to a MetLife operator.

11. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

12. When the calls began, Plaintiff advised MetLife that she was not interested in services it was offering and directed MetLife to remove her number from its system and cease all calls to her cellular phone.

13. However, despite having been informed of the foregoing and instructed by Plaintiff not to call, MetLife thereafter continued to place calls to Plaintiff's cellular telephone at an excessive and harassing rate of up to three calls per day.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, MetLife called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendants' telephone systems have some earmarks of a Predictive Dialer.

18. When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

19. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20.     Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 12, 2014

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237